**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LEON MIDDLETON,

                Plaintiff,

    v.                                     No. 06-CV-1461
                                              (LEK/DRH)

GEORGE PETERS, III, M.D.; NAOMI FALK,
M.D.; and ALBANY MEDICAL CENTER

                Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEON MIDDLETON<br>Plaintiff Pro Se<br>02-A-5612<br>Eastern New York Correction Facility<br>Post Office Box 338<br>Napanoch, New York 12458 | |
| MAYNARD, O'CONNOR, SMITH &<br>   CATALINOTTO, LLP<br>Attorneys for Defendant Albany Medical<br>   Center<br>6 Tower Place<br>Albany, New York 12203 | JAMES D. DIPASQUALE, ESQ. |
| THORN GERSHON TYMAN & BONANNI, LLP<br>Attorneys for Defendant Naomi Falk, M.D.<br>5 Wembley Court, New Karner Road<br>Post Office Box 15054<br>Albany, New York 12212-5054 | KYLE N. KORDICH, ESQ. |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Leon Middleton ("Middleton"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that the three defendants, the Albany Medical Center ("AMC") and two physicians, violated his constitutional rights under the Eighth Amendment. Docket No. 1. Presently pending is Middleton's motion to compel disclosure pursuant to Fed. R. Civ. P. 37(a)(2)(A) and a request for a default judgment against all defendants pursuant to Fed. R. Civ. P. 55(a). Docket No. 20. AMC opposes the motion and request for default judgment and has filed a cross-motion to dismiss pursuant to Fed. R. Civ. P. 37(d). Docket No.21. For the following reasons, it is recommended and ordered that both motions be denied. It is further recommended that the complaint be dismissed without prejudice as to defendant Peters.

## I. Background

Middleton alleges that while he was incarcerated at Coxsackie Correctional Facility, defendants were deliberately indifferent to his medical needs. Compl. at ¶¶ 3-6. On or about November 11, 2003, Middleton began receiving treatment for vision problems in his left eye. Id. at ¶ 8. During a fourteen-month period, Middleton underwent three unsuccessful surgeries to correct his vision. Id. at ¶¶ 9, 11-12, 14-16. The series of surgeries "caused [Middleton] to lose total sight [in] his left eye . . . ." Id. at ¶ 16. Additionally, "[Middleton's] left eye is permanently cocked as being skewed to the left instead of being centered" and is discolored. Id. at ¶ 30.

On or about August 3, 2007, Middleton filed a motion to compel defendants to answer his interrogatories more specifically and to produce various documents that he had

previously requested.  Docket No. 20.  Additionally, Middleton requested entry of a default judgment as against defendants Peters and Falk "for [their] failure to plead or otherwise defend [the present action] . . . ."  Id. at 1.  AMC opposed the motion contending that it had fully complied with Middleton's demands and made appropriate objections to said demands.  DiPasquale Affirm. (Docket No. 21, pt. 1) at ¶¶ 13-17.  Additionally, AMC alleged that Middleton was not entitled to a default judgment because he "ha[d] not effectuated service upon defendant[s] Peters and Falk . . . ."  Id. at ¶ 14.  Lastly, AMC cross-moved to dismiss the complaint for Middleton's failure to produce discovery.  Id. at ¶¶ 18-21.

Middleton replied to AMC's cross-motion "conced[ing] that [AMC] has in good faith tried to adhere to all of [his] discovery requests. . ., request[ing] that his motion for [default against] defendant AMC and defendant Falk . . . be withdrawn," and informing the Court that "[o]n November 1, 2007, [he] forwarded all request[s] for discovery for defendant AMC to [their attorney] . . . ."  Pl. Reply to Defs. Opposition (Docket No. 41) at ¶¶ 5, 5(1).  However, Middleton continued to "request[] that his motion for default against defendant [Peters] . . . ." stand.  Id. at ¶ 5(1).

## II. Legal Standard

### A. Middleton's Motion to Compel Disclosure

Fed. R. Civ. P. 37(a)(2)(A) allows a party to move to compel disclosure of information if the opposing party fails to make the required disclosure.  However, in light of Middleton's reply conceding that AMC has complied with his discovery requests, the motion is moot.  Therefore, Middleton's motion to compel on this ground is denied.

3

### B. Middleton's Request for Default Judgment

A court is compelled to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend [that action] . . . ." Fed. R. Civ. P. 55(a). However, the requests for default judgments against AMC and Falk are moot as Middleton withdrew both requests in his reply. Additionally, Peters is not a party to the action as he has not been served or otherwise appeared. Summonses have twice been issued for service on Peters. Docket Nos. 7 (Jan. 8, 2007), 31 (Sept. 17, 2007). both summonses were returned unexecuted. Docket Nos. 15 (Apr. 27, 2007), 43 (Nov. 21, 2007). Thus, there is no basis in the record for the entry of a default judgment against Peters and Middleton's motion for such relief should be denied.

Moreover, more than 120 days have elapsed since the complaint was filed and the last summons was issued. Accordingly, it is recommended that the complaint be dismissed without prejudice as to Peters pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

### C. AMC's Cross-Motion to Dismiss

Fed. R. Civ. P. 37(d) authorizes, inter alia, dismissal of a claim where a party fails to respond to discovery demands. Fed. R. Civ. P. 37(d). In the present case, Middleton's uncontested assertions that he provided AMC with its discovery demands on November 1, 2007 moot AMC's motion to dismiss. Therefore, AMC's motion to dismiss on that ground should be denied.

### III.  Conclusion

For the reasons stated above, it is hereby

    1. **ORDERED** that Middleton's motion to compel (Docket No. 20) is **DENIED**;

    2. **RECOMMENDED** that:

        A. Middleton's motion for entries of default judgments (Docket No. 20) be **DENIED** as to all defendants;

        B. The complaint be **DISMISSED** without prejudice as to defendant Peters; and

        C. AMC's cross-motion to dismiss (Docket No. 21) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 19, 2008
       Albany, New York

*David R. Homer*
United States Magistrate Judge