UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEON MIDDLETON,

               Plaintiff,

v.                                                                                  Civil Case No. 9:06-CV-1461
                                                               (GTS/DRH)

NAOMI FALK, M.D.; and
ALBANY MEDICAL CENTER,

               Defendants.
_____

APPEARANCES:                                                              OF COUNSEL:

LEON MIDDLETON, 02-A-5612
  Plaintiff, *Pro Se*
Eastern New York Correctional Facility
P.O. Box 338
Napanoch, NY 12458

MAYNARD, O'CONNOR, SMITH &                          CHRISTOPHER K.H. DRESSLER, ESQ.
CATALINOTTO, LLP
  Attorneys for Defendant Albany Medical Center
6 Tower Place
Albany, NY 12203

THORN GERSHON TYMANN &                               KYLE N. NORDICH, ESQ.
BONANNI, LLP                                                            ERIN P. MEAD, ESQ.
  Attorneys for Defendant Falk
5 Wembley Court, New Karner Road
P.O. Box 15054
Albany, NY 12212-5054

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action are (1) Defendant

Naomi Falk's ("Defendant Falk") motion for summary judgment (Dkt. No. 50), (2) Defendant

Albany Medical Center's ("Defendant AMC") motion for summary judgment (Dkt. No. 53), and

(3) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that both Defendants' motions for summary judgment be granted (Dkt. No. 61). Plaintiff did not file any Objections to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendant Falk's and Defendant AMC's motions are granted.

**I.      BACKGROUND**

Plaintiff filed his Complaint in this action on December 4, 2006. (Dkt. No. 1.) Generally, Plaintiff's Complaint alleges that Defendants Falk and AMC (as well as Dr. George Peters III, M.D.) violated his constitutional rights under the Fifth, Sixth and Eighth Amendments by engaging in medical malpractice, fraud, misrepresentation, conspiracy, and intentional infliction of emotional pain and suffering under New York State law from approximately the fall of 2003 through the summer of 2005, at the Coxsackie Regional Medical Unit. (*Id*.) On March 27, 2008, Plaintiff's claims against Defendant George Peters were dismissed without prejudice by Order of District Judge Lawrence E. Kahn, due to Plaintiff's failure to timely serve Defendant Peters pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y. L.R. 4.1(b). (Dkt. Nos. 48, 49.)

On June 25, 2008, Defendant Falk filed a motion for summary judgment (Dkt. No. 50); and on June 30, 2008, Defendant AMC filed a motion for summary judgment (Dkt No. 53). Together, these two motions seek dismissal of all the claims asserted in Plaintiff's Complaint. (Dkt. No. 50, 53.) Generally, Defendants advance the following alternative arguments: (1) all of Plaintiff's claims should be dismissed due to his failure to exhaust his available administrative remedies before filing suit; (2) his Eighth Amendment claim of deliberate indifference to a serious medical need should be dismissed due to a lack of admissible record evidence in support

of that claim; (3) his Fifth and Sixth Amendment claims should be dismissed as not actionable under the circumstances; (4) his conspiracy claim should be dismissed due to a lack of admissible record evidence in support of that claim; (5) Plaintiff's New York State law claims should be dismissed based on lack of jurisdiction and/or record support; (6) his claims against Defendant Falk should be dismissed because Defendant Falk is protected from liability by the doctrine of qualified immunity; and (7) his claims against Defendant AMC should be dismissed because they hinge on a theory of *respondeat superior* liability, which is prohibited under the circumstances. (*Id.*)

On August 11, 2008, Plaintiff submitted a response in opposition to both motions. (Dkt. No. 56.) On August 18 and 27, 2008, Defendants submitted replies to Plaintiff's response. (Dkt. Nos. 57, 59.) On January 20, 2009, Magistrate Homer issued a Report-Recommendation recommending that Defendants' motions be granted, and that all of Plaintiff's claims should be dismissed with prejudice except Plaintiff's pendent state law claims, which should be dismissed without prejudice (due to the Court's decision to decline to exercise supplemental jurisdiction over those pendent state law claims). (Dkt. No. 61.)[1] Finally, as previously stated, Plaintiff did not file any Objections to the Report-Recommendation.

## II.   ANALYSIS

For the sake of brevity, the Court will not recite the well-known legal standard of clear error that governs the review of a magistrate judge's report-recommendation to which a party has made no objection, pursuant to 28 U.S.C. § 636(b)(1)(C). Rather, the Court will merely refer the

---

[1] Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order.

parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008 (Suddaby, J.), which recites that legal standard. After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's thorough Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous. Magistrate Judge Homer employed the proper legal standards, accurately recited the established facts of this case, and reasonably applied the law to those facts.[2] As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein, and grants Defendants' motions for summary judgment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 61) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Falk's motion for summary judgment (Dkt. No. 50) is **GRANTED**; and it is further

**ORDERED** that Defendant AMC's motion for summary judgment (Dkt. No. 53) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's federal claims are **DISMISSED** with prejudice; and it is further

**ORDERED** that Plaintiff's pendent state law claims are **DISMISSED** without prejudice; and it is further

---

[2] The Court notes that the Report-Recommendation would survive even a *de novo* review.

**ORDERED** that Plaintiff's Complaint (Dkt. No.1) is **<u>DISMISSED</u>** in its entirety.

Dated: March 10, 2009
      Syracuse, New York

                                              Hon. Glenn T. Suddaby
                                              U.S. District Judge